103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. BOONE, Plaintiff-Appellant,
v.
Thomas J. LIPTON, New Jersey Corporation, Defendant-Appellee.
 No. 95-35830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 22, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case turns on whether the statute of limitations ran from a date more than three hundred days prior to the filing of suit. The "inquiry for purposes of determining when the limitations period begins to run must center on the date when the employee has notice of the unlawful act; neither cessation of work nor official termination noted on company personnel records is singularly relevant to this inquiry." Aronsen v. Crown Zellerbach, 662 F.2d 584, 593 (9th Cir.1981). Mr. Boone had "notice of the unlawful act" claimed, failure reasonably to accommodate his hypertension, in October of 1993, as he testified at his deposition. Upon de novo review, we agree with the careful analysis in the district judge's well-written opinion. Though during 1994 Mr. Boone gradually learned both facts and law bearing on the strength of any claim he might make, this information merely supplemented the notice he already had.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3